**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**
Norfolk Division

RONALD AREHART, #313281,

       Petitioner,

v.                                         ACTION NO.
                                                 2:06cv698

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

       Respondent.

**UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. §2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. The Court recommends denying the petition for writ of habeas corpus.

**I. STATEMENT OF THE CASE**

**A. Background**

Petitioner Ronald Arehart ("Arehart") was convicted in the Circuit Court of Newport News of statutory burglary, attempted rape, maiming, and two counts of unlawful wounding. Arehart was sentenced to a term of 50 years imprisonment.

Arehart's direct appeal of his convictions to the Virginia Court of Appeals was denied on March 14, 2003. Arehart then filed a second-tier petition for appeal in the Supreme Court of Virginia, which denied the petition on September 3, 2003.

Arehart filed a habeas petition in the circuit court challenging the validity of his convictions on July 16, 2003, prior to the conclusion of his direct appeal. The petition was denied on November 25, 2003. On April 21, 2004, the Virginia Supreme Court dismissed Arehart's subsequent appeal for failure to file a notice of appeal in circuit court and failure to present assignments of error.

Arehart filed his second state habeas petition in the circuit court on or about January 20, 2004. Arehart's second state petition was denied on March 5, 2004. Arehart appealed to both the Virginia Supreme Court and the Court of Appeals of Virginia. The Court of Appeals determined that it did not have jurisdiction over the matter and transferred the appeal to the Virginia Supreme Court. The Virginia Supreme Court dismissed both appeals for failure to present assignments of error on November 15, 2004.

On April 24, 2006, Arehart filed a petition for a writ of actual innocence pursuant to Va. Code § 19.2-327.10 in the Court of Appeals of Virginia. The Court of Appeals dismissed the petition on March 16, 2006, finding the evidence upon which Arehart relied was not newly discovered as required by Virginia Code § 19.2-327.10. Arehart did not appeal this disposition to the Virginia Supreme Court. On April 20, 2006, Arehart filed a petition for a writ of habeas corpus in the United States District Court for the Western District of Virginia. That petition was transferred to this Court on May 12, 2006. On July 20, 2006, Arehart filed a motion to withdraw the petition, which this Court granted, without prejudice, on August 1, 2006.

Arehart, presently in the custody of the Virginia Department of Corrections at Sussex II State Prison in Waverly, Virginia, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on December 10, 2006. On February 27, 2007, respondent filed a Rule 5 Answer and Motion to Dismiss. Arehart filed a response to the Motion to Dismiss on March 20, 2007.

## B. Grounds Alleged

Arehart asserts the following entitle him to relief under 28 U.S.C. § 2254:

(A)  he was denied effective assistance of counsel due to his counsel's failure to obtain documents relevant to Arehart's defense, including initial police reports, 911 transcripts, and victim's medical reports,

(B)  he was convicted by false evidence; and,

(C)  he was the victim of prosecutorial misconduct.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Statute of Limitations

Arehart's action here is barred by the statute of limitations. The statute of limitations for actions under 28 U.S.C. § 2254 is provided in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A) (2000).

Arehart does not allege any State impediments, a newly recognized constitutional right, or newly discovered evidence; therefore, the limitations period should be calculated from the date on which his convictions became final. The Virginia Supreme Court denied Arehart's petition for appeal on September 3, 2003. For a prisoner, like Arehart, who does not file a Petition for Writ of Certiorari in the United States Supreme Court, the clock begins to run when the time for seeking certiorari expires (ninety days after the highest state court rules). See Harris v. Hutchinson, 209 F.3d 325, 328 n.1 (4th Cir. 2000). Therefore, the statutory period of limitations for filing Arehart's federal habeas petition would have begun running on December 2, 2003. However, Arehart began filing his habeas petitions prior to this date.

Under 28 U.S.C. § 2244(d)(2) the statute of limitations clock is paused during the time that a petition for state collateral review is pending. Section 2244(d)(2) provides:

> the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The statute of limitations is tolled for the whole duration of state collateral review, from the time the initial petition is filed until the final ruling is made, including any gaps in between. See Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999). However, while 28 U.S.C. § 2244(d)(2) pauses the clock during a pending state collateral review it does not reset the clock. See Harris, 209 F.3d at 327.

Arehart filed his first state habeas petition on July 16, 2003, before his direct appeal was concluded. He filed his second petition on or about January 20, 2004, while his appeal from his first petition was pending. Thus, his federal limitations period had still not begun to run at the time the second petition was filed. Arehart's second state habeas proceeding remained pending until

November 15, 2004, when the Virginia Supreme Court dismissed his dual appeals. Assuming that Arehart's petitions were properly filed, and his federal statute of limitations was tolled until the second petition was dismissed, Arehart had one year, or until November 15, 2005, to file his federal habeas petition. Arehart's present federal habeas petition was filed on December 10, 2006, nearly thirteen months after the period of limitations had expired. The petition is therefore time-barred.

### B. Equitable Tolling

Equitable tolling of the statute of limitations is possible under 28 U.S.C. § 2244(d), but "must be reserved for those rare instances where–due to circumstances external to the party's own conduct–it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). Arehart contends he is entitled to equitable tolling of the limitations period because he is actually innocent of the crimes for which he was convicted. This claim is without merit. There is no provision in the federal habeas statute for an actual innocence exception to the statute of limitations. See § 2244(d); see also Cousin v. Lensing, 310 F.3d 843, 849 (5th Cir. 2002) (claims of actual innocence do not justify tolling of federal limitations period); Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000) (holding petitioner's "actual innocence claim also does not constitute a 'rare and exceptional' circumstance, given that many prisoners maintain that they are innocent"). But see Souter v. Jones, 395 F.3d 577 (6th Cir. 2005) (allowing equitable tolling of limitations period for credible showing of actual innocence).

Even if this Court considered a claim of actual innocence to be a proper ground for equitable tolling, Arehart would not be entitled to relief. To be entitled to equitable tolling, an otherwise time-barred petitioner must present "(1) extraordinary circumstances (2) beyond his control or external

to his own conduct (3) that prevented him from filing on time." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). Arehart has not presented extraordinary circumstances beyond his control that prevented him from timely filing his present petition. In support of his claims for equitable tolling based on actual innocence, Arehart relies on an unsworn statement from Victoria Cantrell, dated January 10, 2007, and a sworn statement from Chico Santiago, dated April 9, 2007. In light of the strong evidence against Arehart that led to his conviction, these statements are insufficient to support an actual innocence defense. Furthermore, the statements do not present extraordinary circumstances that prevented Arehart from timely filing a habeas petition in compliance with 28 U.S.C. § 2244(d)(1).

This Court cannot reach the merits of Arehart's claims because the claims are barred by the statute of limitations and equitable tolling is unavailable. Therefore, this Court recommends denial of Arehart's Grounds (A) and (B).

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends that Arehart's petition for writ of habeas corpus be DENIED and the respondent's motion to dismiss be GRANTED.

Grounds (A) and (B) of Arehart's petition should be DENIED because they are barred by the statute of limitations.

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report

to the objecting party, see 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

    2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

    The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of right to appeal from a judgment of this court based upon such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

/s/
Tommy E. Miller
United States Magistrate Judge

Norfolk, Virginia

May 25, 2007

## **CLERK'S MAILING CERTIFICATE**

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Ronald D. Arehart, #313281
Sussex II State Prison
24427 Musselwhite Dr.
Waverly, VA 23891


Josephine Whalen, Esq.
Office of the Attorney General
900 East Main Street
Richmond, VA 23219

                                              Fernando Galindo, Clerk


                               By _____
                                       Deputy Clerk

                                         May   , 2007