UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

RONALD D. AREHART, #313281,

       Petitioner,

v.                                     ACTION NO. 2:06cv698

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

       Respondent.

## FINAL ORDER

The court has received and filed a petition for a writ of habeas corpus submitted pursuant to 28 U.S.C. § 2254. The petition alleges violation of federal rights pertaining to petitioner's convictions on June 25, 2006, for statutory burglary, attempted rape, malicious maiming, and two counts of unlawful wounding, as a result of which he was sentenced to serve a total of 50 years in the Virginia penal system.

The petition was referred to a United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Local Civil Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia for report and recommendation. Report of the Magistrate Judge was filed on May 25, 2007, recommending dismissal of the petition. By copy of the report, each party was advised of his right to file written objections to the findings and recommendations made by the Magistrate Judge. On June 18, 2007, the Court received petitioner's objections to the Report and Recommendation, and on June 21, 2007, the Court received petitioner's explanation for why his objections were filed late.

Petitioner claims the statute of limitations should be tolled based on his claim of actual innocence. He argues a discrepancy in the record regarding the date on which the victim sustained her injuries proves he is innocent of the offense. Petitioner further argues in support of his actual innocence claim that the government's failure to turn over the police report and medical report amount to prosecutorial misconduct. Under 28 U.S.C. § 2244(d)(1), the statutory period of limitations can be tolled back to "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." See 28 U.S.C. § 2244(d)(1)(D) (2000). In order to establish actual innocence, a petitioner is required to provide some new evidence, which was previously unavailable despite petitioner's exercise of reasonable diligence, not merely the legal insufficiency of his conviction. See Bousley v. United States, 523 U.S. 614, 623-24 (1998). Petitioner's claims are not based on any evidence that was not reasonably available to him prior to the expiration of the statutory period of limitations.

The Court, having reviewed the record and examined the objections filed by the petitioner to the United States Magistrate Judge's Report, and having made <u>de novo</u> findings with respect to the portions objected to, does hereby adopt and approve the findings and recommendations set forth in the report of the United States Magistrate Judge filed May 25, 2007, and it is therefore ORDERED that the petition be DENIED and DISMISSED and that judgment be entered in favor of the respondent. The petition is denied as barred by the statute of limitations.

Petitioner may appeal from the judgment entered pursuant to this Final Order by filing a <u>written</u> notice of appeal with the Clerk of this court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within thirty days from the date of entry of such judgment.

Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right," therefore, the Court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).

The Clerk shall mail a copy of this Final Order to the petitioner and to counsel of record for the respondent.

                                               /s/
                                UNITED STATES DISTRICT JUDGE

Norfolk, Virginia

July 6, 2007